UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATE OF RHODE ISLAND and THE COMMONWEALTH OF MASSACHUSETTS ex rel. MICHELE BISBANO and STEPHANIE PAOLINO | :<br>:<br>:<br>:<br>: |
| v. | :    C.A. No. 18-00176-MSM |
| CLARIS VISION, LLC, et al. | :<br>: |

**MEMORANDUM AND ORDER**

Pending before me for determination is Plaintiffs'/Relators' Motion to Compel Production of Documents regarding attorneys' fees. (ECF No. 40). Defendant Dr. Paul S. Koch objects. (ECF No. 43).

In a nutshell, the Relators have a pending Motion for Attorneys' Fees in this qui tam action. (ECF No. 29). Dr. Koch objects and argues that the Relators are not legally entitled to a fee award and, in any event, that the time billed is excessive, and the hourly rates sought are unreasonable. (ECF No. 32).

The instant Document Requests were triggered by one of the arguments made by Dr. Koch in opposition to the fee request. He argues that the Relators' fee request is unreasonable, in part, by pointing out the disparity between the gross amount of the request and the much lower gross amount of fees he was billed in defending this matter. (ECF No. 32 at p. 27, n.11). Dr. Koch supports this argument through the Affidavit of John A. Tarantino, Esquire, one of his primary attorneys in this matter. (ECF No. 32-1 at ¶ 13; Exhs. 4 and 5). Additionally, Dr. Koch's fee

expert, Marc DeSisto, Esquire, relies, in part, on this claimed disparity in forming his opinion that the Relators' fee request is "excessive." (ECF No. 32-2 at ¶ 18).

**Discussion**

The Relators seek production of documents regarding the time expended by Dr. Koch's attorneys in this matter (Request No. 1) and the amounts paid by Dr. Koch for his representation (Request No. 2).[1] They reasonably argue that Dr. Koch opened the door to this discovery by comparing the fees billed by his attorneys to the amounts sought by the Relators' attorneys. In response, Dr. Koch argues that "the 'relevance of the number of hours spent by defense counsel to a determination of the reasonable fee for Plaintiffs' attorneys' is highly questionable." (ECF No. 43 at p. 7). This argument is, of course, plainly at odds with the arguments made by Dr. Koch in opposition to the fee request that a comparison of respective fees is relevant and supports his position.

Dr. Koch cannot have it both ways. If the comparison is relevant, then the Relators are entitled to some reasonable discovery to allow them to analyze the data and fairly respond to Dr. Koch's argument. If the comparison is irrelevant, then Dr. Koch should withdraw the argument and there would be no need for fee discovery.

The case law is clear that the Court has the discretionary power under these circumstances to permit reasonable discovery of an adversary's fees in fee petition litigation. See <u>Hernandez v. George</u>, 793 F.2d 264, 268 (10th Cir. 1986); <u>Mendez v. Radec Corp.</u>, 818 F.Supp.2d 667, 668 (W.D.N.Y. 2011); and <u>Cohen v. Brown Univ.</u>, No. 92-197L, 1999 WL 695235 (D.R.I. May 19, 1999).

---

[1] Request No. 3 seeks a privilege log regarding communications between any of Dr. Koch's attorneys and any other attorney representing any other Defendant in this action. The Court is at a loss as to the relevance of this Request to the fee dispute, and the Relators do not provide any explanation in their submission. Because the Court finds the Motion to Compel waived as to this unsupported request, Request No. 3 is DENIED.

On balance, the only reasonable outcome is to grant the Relators' Motion to Compel as to Requests Nos. 1 and 2.  Although the Court believes that a fee comparison under these circumstances is of questionable relevance (as argued by Dr. Koch himself), Dr. Koch opened the door by raising the argument in opposition to the Relators' fee petition, and the argument cannot be fairly evaluated and responded to by the Relators' counsel without the underlying time records to put the gross billing amount in some context.  Similarly, the Court is unable to determine whether the comparison is apples to apples or apples to oranges without more context than only the gross billing amount provides.

Accordingly, the Relators' Motion to Compel (ECF No. 40) is provisionally GRANTED as to Requests Nos. 1 and 2 as follows:

Dr. Koch shall, within seven days, advise the Court if he is withdrawing that part of his argument regarding the claimed fee disparity.  If the argument is withdrawn, the Motion to Compel shall be DENIED as moot and Dr. Koch shall promptly file amended versions of ECF Nos. 32, 32-1 and 32-2 accordingly.  If the argument is not withdrawn, Dr. Koch is ORDERED to produce the requested documents within twenty-one days.  To the extent that responsive documents contain privileged information, the parties shall confer in good faith about a process for Dr. Koch to redact such information from the documents subject to documentation in a privilege log.

SO ORDERED

  /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 15, 2023