UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,                          :
THE STATE OF RHODE ISLAND and                      :
THE COMMONWEALTH OF                                :
MASSACHUSETTS ex rel. MICHELE                      :
BISBANO and STEFANIE PAOLINO                       :
                                                   :
v.                                                 :   C.A. No. 18-00176-MSM
                                                   :
CLARIS VISION, LLC, et al.                         :

REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for report and recommendation[1] is the Relators' Motion for Award of Reasonable Expenses, Attorneys' Fees and Costs.  (ECF No. 29).  Defendant Dr. Paul S. Koch filed an Amended Objection.  (ECF No. 47).  The Relators filed a Reply.  (ECF No. 52).

**Background**

In 2018, Relators Michele Bisbano and Stefanie Paolino filed this qui tam action pursuant to the federal False Claims Act ("FCA"), 31 U.S.C. § 3730(b), against certain Defendants, including Dr. Koch and his practice, Koch Eye Associates, LLP a/k/a Claris Vision, LLC.  The Relators alleged that Defendants engaged in fraudulent business practices, i.e., referral kickbacks, resulting in the submission of false claims for eye surgeries and related services to Medicare, Medicaid, and other federally funded health care programs.  The Relators

---

[1] Although District Judge Mary S. McElroy referred this Motion to me for determination, Rule 54(d)(2)(D) provides for referral of a motion for attorneys' fees under Rule 72(b) as if it were a dispositive pretrial motion, and, thus, I will issue a report and recommendation on the Motion in accordance with Rule 72(b) and 28 U.S.C. § 636(b)(1)(B).

also alleged that they were the victims of whistleblower retaliation in violation of the FCA that ultimately resulted in the termination of their respective employment by Claris Vision.

Following a federal investigation into the Relators' allegations, a settlement was reached on or about March 30, 2023 between the United States, Relators, and Dr. Koch. Pursuant to the settlement, Dr. Koch agreed to pay $1,166,072.00 in settlement to the United States, and the United States agreed to pay Relators $256,535.84 (a 22% share) out of such settlement proceeds.

On March 31, 2023, the United States filed a Notice of Election to Intervene, in part, for the purpose of effectuating the settlement. (ECF Nos. 18, 19). Pursuant to this Notice, a Stipulation of Partial Dismissal among the United States, Relators, and Dr. Koch was filed and entered by the Court. (ECF No. 20). The Stipulation expressly excepts dismissal of the Relators' claims for attorneys' fees against Dr. Koch pursuant to 31 U.S.C. § 3730(d) and certain individual claims brought against Dr. Koch. Id.

The March 30, 2023 Settlement Agreement contains a non-admission clause in which Dr. Koch denies liability and disputes the Relators' entitlement to attorneys' fees. (ECF No. 32-1 at p. 8). The Relators filed the instant Motion for attorneys' fees on June 30, 2023. (ECF No. 29). On July 25, 2023, the Relators filed a Voluntary Dismissal without prejudice (pursuant to Fed. R. Civ. P. 41(a)(1)) of their remaining FCA whistleblower retaliation claims as to Dr. Koch but again expressly reserving their pending claim against Dr. Koch for attorneys' fees pursuant to 31 U.S.C. § 3720(d). (ECF No. 31).

**Discussion**

The Relators argue that they have an absolute statutory entitlement to an award of fees in this case pursuant to 31 U.S.C. § 3730(d)(1) and that nothing in the Settlement Agreement

or the circumstances here disturbs that legal entitlement. Dr. Koch counters that the Relators are not legally entitled to an award of fees because (1) he expressly "denied and contested" such entitlement in the Settlement Agreement; and (2) they settled and did not "prevail on any of their claims against [him]." (ECF No. 47 at p. 1). As briefly discussed below, both legal arguments are meritless.

First, Dr. Koch overplays the import of the non-admission and reservation of rights language in the Settlement Agreement. There is nothing in that language that could reasonably be interpreted as a waiver of the Relators' entitlement to fees. In fact, to the contrary, the Settlement Agreement carves the issue of attorneys' fees out of the release provision (paragraph 8) and indicates (paragraph 3) that the Relators and Dr. Koch "will determine whether they will be able to enter into a separate agreement with respect to Dr. Koch's payment to Relators for expenses, attorneys' fees, and costs." (ECF No. 47-1 at pp. 8, 10). More to the point, the Settlement Agreement makes clear (paragraph 18) that:

> As a condition for Relators' agreement herein, including dismissal of Relators' claims with prejudice, Dr. Koch agrees that Relators and their attorneys <u>are entitled</u> to reasonable expenses, attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d) and (d)(2); provided, however, Dr. Koch expressly reserves the right to challenge the amounts and reasonableness of Relators' claims for attorneys' fees, expenses, and costs, and the application of such claimed attorneys' fees, expenses and costs to him individually. Relators and Dr. Koch agree that the United States District Court shall have continuing jurisdiction to issue orders with regard to any disputes over the amounts for expenses, attorneys' fees and costs. Relators and Dr. Koch further agree that, should the parties be unable to reach an agreement on amounts, Relators may file a motion for attorneys' fees, costs and expenses in the District Court within 60 days of the date of dismissal seeking a determination by the Court.

(ECF No. 47-1 at pp. 14-15) (emphasis added).

Second, Dr. Koch's argument is directly at odds with the pertinent FCA language and existing case precedent. The Relators move for an award of fees pursuant to the FCA, 31 U.S.C. § 3730(d)(1), which provides as follows:

> If the Government proceeds with an action brought by a person under subsection (b), such person shall, subject to the second sentence of this paragraph, receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim, depending upon the extent to which the person substantially contributed to the prosecution of the action….<u>Any payment</u> to a person under the first or second sentence of this paragraph shall be made from the proceeds. <u>Any such person **shall** also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant.</u>

31 U.S.C. §3730(d)(1) (emphasis added).

Here, the Relators check all the boxes to establish legal entitlement to a fee award. The Relators initially commenced this action pursuant to 31 U.S.C. § 3730(b), and the Government later proceeded with the action and intervened to effectuate an FCA settlement. The Relators also received a payment between 15% and 25% (here, 22%) of the proceeds of the action "or settlement of the claim." Having met those preconditions, the FCA provides that the Relators "shall also receive an amount for reasonable expenses" including attorneys' fees which "shall be awarded against the defendant." In other words, the payment of reasonable fees is mandatory where the Relators recover a relators' share of proceeds including proceeds from a settlement. <u>United States ex rel. Lowell v. AthenaHealth, Inc.</u>, 56 F.4th 152, 158 (1st Cir. 2022).

Dr. Koch argues that the Relators are not entitled to a fee because they are not "prevailing parties." Dr. Koch concedes that "a relator will be considered a prevailing party if the government has intervened in the action, the action has settled and the relator is paid a share of the settlement proceeds." (ECF No. 47 at p. 9). However, he claims that this case does not

-4-

fit that mold "based on the language of the Settlement Agreement" which gives him the "right to argue that he owes no fees to Relators and that they must show that they are a traditional 'prevailing party.'" Id. As previously noted, Dr. Koch overplays his hand regarding the Settlement Agreement language. While he may have reserved the right to argue certain points regarding entitlement to fees, the language does not grant validity to those arguments or lead to the unsupported conclusion that the Agreement somehow requires the Relators to show "traditional prevailing party" status. Dr. Koch's arguments are unsupported by both the Agreement and the FCA. United States ex rel. Averback v. Paster Med. Assocs. P.C., 224 F.Supp.2d 342, (D. Mass. 2002) (describing the award of fees per 31 U.S.C. § 3730(d)(1) as "mandatory" in a case resolved in a settlement whereby defendants "admitted no wrongdoing"). Further, the pertinent provision of the FCA, 31 U.S.C. § 3730(d)(1), is notable for its mandatory "shall" language, as well as the absence of the word "prevailing" and the presence of the word "settlement."

Finally, from a big picture standpoint, "[t]he FCA affords the government broad authority and contemplates that the government will serve a gatekeeping function…[which] puts [it] in the driver's seat and accords with the FCA's goal of achieving a [balance] between providing sufficient incentives to qui tam plaintiffs and discouraging opportunism." 56 F.4th at 158-159. After it decides to intervene, the FCA gives the government the option of settlement even over a relator's objection (31 U.S.C. § 3130(c)(2)(B)) and accordingly it extends a relator's statutory entitlement to fees to a settled action (31 U.S.C. § 3130(d)(1)). Also, since it is axiomatic that litigation settlements are negotiated compromises in which there is no admission of liability, it would be directly contrary to the legislative intent underlying the FCA to interpret the words "settlement of the claim" under 31 U.S.C. § 3130(d)(1) to be inapplicable to non-

admission settlements as argued by Dr. Koch. The Relators here have clearly shown that they are legally entitled to an award of reasonable fees and expenses under these circumstances.

Dr. Koch also challenges the Relators' fee request as "grossly excessive and unreasonable" in terms of time billed and hourly rates requested. Having made a substantive recommendation to Judge McElroy (subject to potential objection) that the Relators are legally entitled to a reasonable fee award under 31 U.S.C. § 3730(d)(1), the Court exercises its case management discretion to effectively bifurcate the issues presented by the Relators' instant Motion and defer a recommendation to Judge McElroy on the reasonableness of the requested time and rates for reasons of judicial economy until after she considers and acts on this Recommendation. If this Recommendation is adopted, the Court will review the pending arguments as to reasonableness and issue a report and recommendation in due course.[2] If this Recommendation is not adopted, there would be no need for the Court to review and opine on such arguments.

**Conclusion**

For the foregoing reasons, I recommend that the Relators' Motion for Award of Reasonable Expenses, Attorneys' Fees and Costs (ECF No. 29) be GRANTED, in part, solely as to the legal determination that they are entitled to an award for reasonable expenses, attorneys' fees, and costs against Dr. Koch pursuant to 31 U.S.C. § 3730(d)(1). As stated herein, the issue of reasonableness is deferred and will be the subject of a subsequent report and recommendation, if necessary, after this Recommendation is acted upon by Judge McElroy.

---

[2] During this review period, the parties are strongly encouraged to recommence their prior efforts at settling this fee dispute. If appropriate, the parties may request that the Court stay such review pending those settlement efforts.

Any objections to this Report and Recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this Report and Recommendation.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


 /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 16, 2024