UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> THE STATE OF RHODE ISLAND and <br> THE COMMONWEALTH OF <br> MASSACHUSETTS ex rel. MICHELE <br> BISBANO and STEFANIE PAOLINO <br> <br> v. <br> <br> CLARIS VISION, LLC, et al. | : <br> : <br> : <br> : <br> : <br> : <br> : C.A. No. 18-00176-MSM <br> : <br> : |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for report and recommendation[1] is the Relators' Motion for Award of Reasonable Expenses, Attorneys' Fees and Costs. (ECF No. 29). Defendant Dr. Paul S. Koch filed an Amended Objection. (ECF No. 47). The Relators filed a Reply. (ECF No. 52).

**Background**

In 2018, Relators Michele Bisbano and Stefanie Paolino filed this qui tam action pursuant to the federal False Claims Act ("FCA"), 31 U.S.C. § 3730(b), against certain Defendants, including Dr. Koch and his practice, Koch Eye Associates, LLP a/k/a Claris Vision, LLC. The Relators alleged that Defendants engaged in fraudulent business practices, i.e., referral kickbacks, resulting in the submission of false claims for eye surgeries and related services to Medicare, Medicaid, and other federally funded health care programs. The Relators

---

[1] Although District Judge Mary S. McElroy referred this Motion to me for determination, Rule 54(d)(2)(D) provides for referral of a motion for attorneys' fees under Rule 72(b) as if it were a dispositive pretrial motion, and, thus, I will issue a report and recommendation on the Motion in accordance with Rule 72(b) and 28 U.S.C. § 636(b)(1)(B).

also alleged that they were the victims of whistleblower retaliation in violation of the FCA that ultimately resulted in the termination of their respective employment by Claris Vision.

Following a federal investigation into the Relators' allegations, a settlement was reached on or about March 30, 2023 between the United States, Relators, and Dr. Koch.  Pursuant to the settlement, Dr. Koch agreed to pay $1,166,072.00 in settlement to the United States, and the United States agreed to pay Relators $256,535.84 (a 22% share) out of such settlement proceeds.

On March 31, 2023, the United States filed a Notice of Election to Intervene, in part, for the purpose of effectuating the settlement.  (ECF Nos. 18, 19).  Pursuant to this Notice, a Stipulation of Partial Dismissal among the United States, Relators, and Dr. Koch was filed and entered by the Court.  (ECF No. 20).  The Stipulation expressly excepts dismissal of the Relators' claims for attorneys' fees against Dr. Koch pursuant to 31 U.S.C. § 3730(d) and certain individual claims brought against Dr. Koch.  Id.

The March 30, 2023 Settlement Agreement contains a non-admission clause in which Dr. Koch denies liability and disputes the Relators' entitlement to attorneys' fees.  (ECF No. 32-1 at p. 8).  The Relators filed the instant Motion for Attorneys' Fees and Costs on June 30, 2023.  (ECF No. 29).  On July 25, 2023, the Relators filed a Voluntary Dismissal without prejudice (pursuant to Fed. R. Civ. P. 41(a)(1)) of their remaining FCA whistleblower retaliation claims as to Dr. Koch but again expressly reserving their pending claim against Dr. Koch for attorneys' fees pursuant to 31 U.S.C. § 3720(d).  (ECF No. 31).

On January 16, 2024, the Court issued a Report and Recommendation concluding that the Relators had established a statutory entitlement to an award of "reasonable" fees and costs pursuant to the FCA, 31 U.S.C. § 3730(d)(1).  (ECF No. 54).  The Court deferred on the issue

of reasonableness pending review of the Report and Recommendation. Ultimately, on February 15, 2024, the Report and Recommendation was adopted absent objection by District Judge Mary S. McElroy (ECF No. 61), and oral argument was held on Dr. Koch's challenges to the reasonableness of the Relators' fee petition both as to rate and compensable time. After reviewing the parties' respective positions, the Relators' Motion is GRANTED in part as specified herein.

**Discussion**

Generally, to arrive at a reasonable amount for attorneys' fees, a court is tasked with applying the "lodestar" approach which is simply multiplying the number of hours "reasonably expended on the litigation" by a "reasonable hourly rate." See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). First, as to hourly rate, there is a significant disagreement between the parties. Relators' counsel seek hourly rates of $950.00 for Attorney Herman and $750.00 for Attorney Berg. They posit that these rates are reasonable and well within the prevailing range for qui tam practitioners. Dr. Koch counters that such rates far exceed the prevailing market rates in this District and argues that the Court should award $450.00 per hour which it describes as the current prevailing market rate for employment law litigators.

The Court is tasked with determining the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-896 n.11 (1984). Here, Relators persuasively support the reasonableness of their hourly rate requests with third-party opinion affidavits of experienced FCA practitioners, as well as examples of the rates awarded to relator's counsel in other FCA actions. See United States v. AthenaHealth, Inc., CA No. 17-12125-NM, 2022 WL 658654, *7-8 (D. Mass. Mar. 3, 2022) (approving hourly rates in a qui tam case, commensurate with

experience, ranging from $490.00 to $1,060.00); United States v. OrthoGeorgia, 407 F. Supp. 3d 1330 (M.D. Ga. 2019) (finding an hourly rate of $750.00 to be reasonable in a qui tam case and rejecting the argument that the court is "strictly bound" by local prevailing rates); and United States v. CDW-Government, Inc., CA No. 3:05-cv-00033-DRH-RMF, 2013 WL 11267176, *5 (S.D. Ill. May 17, 2013) (approving qui tam rates up to $600.00 in 2013 based on the nationwide and "very specialized" nature of FCA litigation practice).

In response to the third-party FCA practitioner opinions provided by Relators, Dr. Koch presents the opinion of Attorney Marc Desisto, a highly experienced and well respected defense litigator in this District. Attorney Desisto equates qui tam claims with employment law claims and opines that the reasonable prevailing rate for such work in this District is $450.00 per hour. (ECF No. 47-2). He opines that the hourly rates requested here by Relators' counsel are not in line with the prevailing market rate. Id. He also opines that the amount of time expended by Relators' counsel both during the qui tam litigation and during this subsequent fee litigation is excessive.

While the Court recognizes Attorney Desisto's wealth of skill and experience as a defense-side litigator, he does not profess to have any qui tam litigation experience or other direct knowledge that would allow him to competently opine on qui tam litigation market rates or the reasonableness of time expended on working up a qui tam case.[2] Further, he provides little or no basis in his Affidavit for the opinion that "qui tam claims are primarily a matter of employment law." This opinion is rejected as conclusory and unsupported. Although the relators in FCA cases are often whistleblowing employees, the focus of qui tam litigation is the

---

[2] The Court does, however, find Attorney Desisto to be competent to offer an opinion as to the reasonableness of the time expended by Relators' counsel in the "fees on fees" portion of this case. (ECF No. 47-2 at ¶¶ 13-17).

underlying alleged unlawful behavior or practices, and the Government's decision as to whether or not to intervene. A qui tam case does not generally focus on employment law principles and this one clearly did not. See Ortho Georgia, 407 F. Supp. 3d at 1350 ("in an FCA action, almost all the claims will involve kickbacks or billing fraud"). Thus, the Court does not find Attorney Desisto's third-party Affidavit to be legally competent on the qui tam fee issues before the Court. Thus, Relators' opinions from FCA practitioners are effectively unrebutted and also found to be persuasive. Accordingly, I recommend that the proposed rates of $950.00 for Attorney Herman and $750.00 for Attorney Berg be accepted as reasonable as to the hours expended on the merits of this case.

This recommendation does not, however, apply to the rates applicable to the "fees on fees" portion of this litigation. Although qui tam litigation is highly specialized and counsel face significantly higher business risks and delay than with other types of contingent fee work, those factors simply do not apply to justify the proposed rates here for "fees on fees" work. Accordingly, I recommend that the Court exercise its discretion to apply a $450.00 hourly rate to the hours reasonably incurred for "fees on fees" work. See Matalon v. Hynnes, 806 F.3d 627, 639 (1st Cir. 2015) (recognizing that "[f]lexibility is the hallmark of the lodestar approach" and that "certain components of fee awards (such as work performed in preparing and litigating fee petitions) may be calculated at discounted rates due to the comparative simplicity of the task").

The analysis now turns to the reasonableness of the hours expended. The issue is whether Relators' counsel are unreasonably seeking compensation for work that is "duplicative, unproductive or excessive." AthenaHealth, 2021 WL 658654, *7. In assessing the reasonableness of hours expended, the Court "need not, and indeed should not, become green-

eyeshade accountants." United States v. Wyeth Pharms. Inc., CA No. 06-11724-DPW, 2023 WL 8643254 *11 (D. Mass. Dec. 14, 2023).

Relators' counsel began work on this qui tam case in 2017 and 2018 respectively. By all accounts, they fully achieved their litigation goals by 2023 of convincing the Government that the case warranted intervention and obtaining a Relator's share of the Government's $1,166,072.00 settlement recovery from Dr. Koch.[3] The Court agrees with Relators' counsel that Dr. Koch has shown no basis upon which to reduce their qui tam fee award based on principles of disproportionality or degree of success. See United States v. Guida, No. 10-cv-4644 (JFB), 2017 WL 878587 *2-3 (E.D.N.Y. Mar. 6, 2017) (declining to adopt a disproportionality rule for qui tam fee awards because it would conflict with the private enforcement intent of the FCA and discourage lawyers from pursuing potentially meritorious actions because the risk significantly outweighs the reward). Here, with respect to the specific time entries related to the merits litigation, the Court cannot find them to be unreasonable given the duration of the case, complexities of FCA litigation, and the successful outcome. See Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he [or she] was required to spend on the case"). Furthermore, the Court finds Dr. Koch's attacks on the particular time entries of Relators' counsel to be conclusory and unsupported.[4]

Accordingly, as to the merits litigation, I recommend that Relators' counsel should be awarded fees and costs as requested. As to the "fees on fees" litigation, the Court finds that it

---

[3] The range of relator's share is 15-25% of the FCA settlement proceeds, and the amount awarded is dependent "upon the extent to which the [relator] substantially contributed to the prosecution of the action." 31 U.S.C. § 3730(d)(1). Relators here received a high-end, 22% share reflecting a finding by the Government that they provided a significant contribution to the recovery.

[4] As previously noted, the Court gives no weight to Attorney Desisto's opinion regarding the reasonableness of time expended on the merits of this qui tam litigation due to his lack of qui tam experience.

-6-

is unreasonable, on its face, that Relators' counsel spent significantly more time on this fee litigation (347.8 hours) than they did litigating the merits (307.7 hours). While it is true that Dr. Koch strenuously opposed the fee petition both substantively and as to reasonableness, that level of opposition simply does not explain the substantial amount of time expended on a discrete, non-trial matter. In theory, this fee litigation reasonably required Relators' counsel to review and organize previously recorded billing records, prepare and file a properly supported fee petition, review and respond to Dr. Koch's opposition in a Reply Memorandum, and attend oral argument. The Court has thoroughly reviewed the "fees on fees" time records and agrees with Attorney Desisto's assessment that the time spent was excessive and, in certain instances, overly duplicative. (ECF No. 47-2 at ¶¶ 13-17). For example, it appears that Attorney Herman spent approximately eighty-five hours in the fall of 2023 on just the fees reply memorandum and exhibits, (ECF No. 52-2 at pp. 14-22), and that Attorney Berg spent approximately thirty-five hours during the same period on the same general tasks. (ECF No. 52-3 at pp. 10-12).

On balance, the Court concludes that a 20%, across-the-board reduction of fees-litigation hours is both reasonable and warranted, and so recommends. See United States v. Acupath Labs., Inc. No. CV 10-4819, 2015 WL 1293019, *15 (E.D.N.Y. March 19, 2015) (recognizing the Court's discretion to make across-the-board cuts and applying a 20% reduction to time spent on fee litigation).

**Conclusion**

For the foregoing reasons, I recommend that the Relators' Motion for Award of Reasonable Expenses, Attorneys' Fees and Costs (ECF No. 29) be GRANTED in part in the total amount of $401,994.30 as follows:

1. **Merits Litigation**

   - Attorney Herman: 227.9 hours at $950.00 per hour ($216,505.00)
   - Attorney Berg: 79.8 hours at $750.00 per hour ($59,850.00)

2. **Fees Litigation**

   - Attorney Herman: 192.8 hours at $450.00 per hour ($86,760.00)
   - Attorney Berg: 85.4 hours at $450.00 per hour ($38,430.00)

3. **Costs**

   - Attorney Herman: $449.30

Any objections to this Report and Recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this Report and Recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

  /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 5, 2024