UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE UNITED STATES OF AMERICA; THE STATE OF RHODE ISLAND; and THE COMMONWEALTH OF MASSACHUSETTS; *ex rel.* MICHELLE BISBANO AND STEFANIE PAOLINO<br><br>Plaintiffs/Relators,<br><br>v.<br><br>CLARIS VISION, LLC, *et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 1:18-cv-00176-MSM-AEM<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

Mary S. McElroy, United States District Judge.

In this qui tam action brought pursuant to the False Claims Act ("the FCA"), 31 U.S.C. § 3730(b), Michele Bisbano and Stefanie Paolino (the "Relators"), alleged that certain defendants including Dr. Koch and his practice, Koch Eye Associates, LLP a/k/a Claris Vision, LLC (collectively "Dr. Koch") engaged in fraudulent business practices which resulted in the submission of false claims to Medicare, Medicaid, and other federally funded health care programs. Having reached a settlement agreement, the United States filed a Notice of Election to Intervene, in part, to effectuate the agreed upon settlement. (ECF Nos. 18 & 19.) What followed was litigation regarding the Relators' entitlement to attorneys' fees and costs and, once that was decided, the amount of those fees and costs.

1

Magistrate Judge Almond issued a Report and Recommendation ("R&R") recommending that the Relators' Motion for Award of Attorneys' Fees and Costs (ECF No. 29) be granted in part in the total amount of $401,994.30. (ECF No. 64.) Both parties have filed objections to the R&R. (ECF Nos. 67 & 68.)

## I.   DISCUSSION

The Court reviews *de novo* those portions of the R&R to which there has been a proper objection. Fed. R. Civ. P. 72(b)(3). The Court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### A. Motions for Attorneys' Fees and Costs

Generally, each party to litigation pays their own attorneys' fees unless a statute or contract provides otherwise. *Volkswagen Group of America, Inc. v. Peter McNulty Law Firm (In re Volkswagen & Audi Warranty Extension Litig.)*, 692 F.3d 4, 20 (1st. Cir. 2012). Here, the FCA provides that a relator who recovers damages or settlement proceeds, in a case where, as here, the government has intervened, is entitled to receive reasonable attorneys' fees, costs, and expenses. 31 U.S.C. § 3730(d)(1). Courts in this circuit employ the lodestar method to determine the fee award. Under this method, a base figure is calculated by "multiplying the number of hours productively spent by a reasonable hourly rate." *Torres–Rivera v. O'Neill–Cancel*, 524 F.3d 331, 336 (1st Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "In fashioning the lodestar, a district court may adjust the hours claimed to eliminate time that was unreasonably, unnecessarily, or inefficiently devoted to

2

the case." *Id.* Additionally, "a district court, in fashioning a fee award, may reduce hours claimed in a fee request for time spent on work that it determines to be 'unproductive, excessive, or otherwise unnecessary.'" *Pérez-Sosa v. Garland*, 22 F.4th 312, 328 (1st Cir. 2022) (quoting *Grendel's Den v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984)). Moreover, cryptic entries that are "'too generic and, thus insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like,' the court need not accept them at face value." *Id.* at 330 (quoting *Torres-Rivera*, 524 F.3d at 336). "Instead, 'the court may either discount or disallow those hours." *Id.*

"In effecting such a reduction, though, the court must make 'reasonably explicit findings' and 'spell out the whys and wherefores.'" *Id.* at 332 (quoting *Coutin v. Young & Rubicam P.R., Inc.*, 124 F.3d 331, 337 (1st Cir. 1997)). But "[b]ecause district judges 'need not, and indeed should not, become green-eyeshade accounts,' they 'may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.'" *Id.* (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). The overall task "is to do rough justice, not to achieve auditing perfection." *Id.*

B. The Parties' Objections to the R&R

1. The Reasonable Hourly Rate

Dr. Koch argues that in recommending a fee award for Relators' counsel's work on the merits of the litigation, the Magistrate Judge erroneously applied national or regional qui tam litigation rates rather than the prevailing market rate in Rhode Island. Secondly, Dr. Koch objects to the Magistrate Judge's rejection of the

3

declaration of Attorney Marc DeSisto, provided by Dr. Koch, which set forth the prevailing market rate in Rhode Island.

As to the first point of objection, the Court agrees. In determining a reasonable hourly rate, courts typically look to the prevailing market rate in the community within which the court sits. *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 296 (1st Cir. 2001). There are instances, however, where an out-of-town rate is appropriately awarded: "when the complexities of a particular case *require* the particular expertise of non-local counsel," or "when the case is an undesirable one which capable attorneys within the forum community are not willing to prosecute or defend." *R.I. Med. Soc'y v. Whitehouse*, 324 F. Supp. 2d 283, 292 (D.R.I. 2004) (quoting *Williams v. Poulos*, Nos. 94–2057 & 94–2058, 1995 WL 281451, at *4 (1st Cir. May 12, 1995)) (emphasis in original). Neither instance exists here. The Relators, who retained local counsel, have not demonstrated that qualified counsel were unavailable in the Rhode Island legal community. The Court therefore declines to apply "national" FCA market rates.

Yet the Court agrees with the Magistrate Judge that the affidavit of Attorney DeSisto offered no meaningful evidence of the prevailing rate for complex FCA litigation in this district. The Magistrate Judge correctly discounted it as conclusory and unsupported, leaving the rates proposed by the Relators, supported by their own independent-attorney affidavits, as unrebutted.

Taking into account the complexity of this matter, the contingent-fee risk, and the quality of the representation, the Court concludes that the hourly rates proposed

4

by Relators—while high—reasonably reflect the upper end of the prevailing local market for complex FCA litigation in Rhode Island. Accordingly, those rates will be treated as local rates for lodestar purposes.

### 2. Proportionality and Degree of Success

Dr. Koch asserts that the attorneys' fees award was disproportionate—amounting to 34% of the total settlement and 156% of the Relators' share of the settlement amount. The Court concurs with the Magistrate Judge that proportionality reductions are inconsistent with the purpose of the FCA, which encourages private enforcement through fee-shifting regardless of the size of recovery. *See United States v. Guida*, 2017 WL 878587 (E.D.N.Y. Mar. 6, 2017). The Relators achieved success in securing government intervention and a $1.16 million settlement, entitling them to reasonable fees.

### 3. Reasonableness of the Hours Expended on the Merits

Dr. Koch next argues that Relators' counsel failed to provide sufficient detail and spent excessive time despite litigation with no motions, depositions, or trial. The Magistrate Judge, however, reviewed the billing records, considered the five-year duration and complexity of FCA litigation, and found the hours reasonable given the outcome. The Court reaches the same conclusion.

### 4. Fees Incurred in Seeking the Fee Award

Relators contend that the Magistrate Judge erred by reducing their hourly rates to $450 for time spent litigating the fee petition and applying a 20% across-the-board reduction of hours for that time. They argue this constitutes impermissible

"double discounting." The Court disagrees. "[T]ime reasonably expended in connection with fee applications is itself compensable, but, since time spent in this exercise often amounts to little more than documenting what a lawyer did and why he or she did it, it may fairly be compensated at a reduced rate." *Brewster v. Dukakis*, 3 F.3d 488, 494 (1st Cir. 1993) (internal quotations and citations omitted). Given that Relators' counsel billed more hours on fees than on the merits and that such work is less complex than the work on the case's merits, the Court finds Magistrate Judge's adjustment was reasonable and reaches the same result.

In contrast to the Relators, Dr. Koch argues that the Magistrate Judge's reduction did not go far enough. But as noted above the Court concludes that the Magistrate Judge's recommendation is appropriate under the specific circumstances of this case.

## II.  CONCLUSION

For the foregoing reasons, the Court ACCEPTS the R&R and ADOPTS it with the modification regarding the application of local rates described above. Counsel for the Relators shall be awarded fees and costs as set forth in the R&R. (ECF No. 64 at 7-8.) The Court therefore GRANTS IN PART and DENIES IN PART the Relator's Motion for Attorneys' Fees and Costs. (ECF No. 29.)

IT IS SO ORDERED,

/s/ Mary S. McElroy
_____
Mary S. McElroy
United States District Judge
**November 3, 2025**